

**FILED**
JAN 2 6 2015
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| **CRAIG DEWEY,** | CIV. 15-4040 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | |
| Defendant. | |

COMES NOW the Plaintiff Craig Dewey, by and through his counsel of record, and for his causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a diversity suit to recover uninsured motorists coverage (UM) brought by Plaintiff against Defendant State Farm Mutual Insurance Company ("State Farm"). Plaintiff was severely and permanently injured in an automobile crash. Plaintiff was a passenger in a car insured by State Farm and was an insured under the policy. The State Farm policy included uninsured benefits which were applicable to Plaintiff. The at-fault driver was uninsured as was the vehicle he was operating. Plaintiff now seeks all benefits pursuant to the uninsured coverage available to him as an insured under the policy with State Farm.

## PARTIES

1. Plaintiff is a citizen of the State of South Dakota and resident of Lincoln County.

2. Upon information and believe, Defendant State Farm is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business

located at One State Farm Plaza, Bloomington, Illinois, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. Defendant provided auto coverage to the Plaintiff pursuant to an insurance policy issued as Policy Number D00972841F ("the Policy"). The Policy was fully paid, effective and in force during the relevant dates in this matter.

6. The Plaintiff was an insured under the Policy, which provided uninsured coverage up to a limit of Two Hundred Fifty Thousand Dollars ($250,000).

7. On February 7, 2009, while the Policy was in force, the Plaintiff was severely and permanently injured in an automobile crash wherein the vehicle which Plaintiff was riding was struck by a vehicle driven by Geoffrey Baldrige. To date, Plaintiff has incurred medical bills in excess of $20,000 and lost earnings in an amount to be determined. The crash and the Plaintiff's resulting injuries and other damages were solely and proximately caused by Geoffrey Baldrige. Baldrige was convicted of criminal conduct related to the motor vehicle crash.

8. Baldrige and the vehicle that he was driving were uninsured.

9. Upon learning that Baldrige and the vehicle were uninsured, Plaintiff thereafter sought recovery of UM benefits from the Defendant for Plaintiff's damages, in accordance with

the terms of the Policy, and the Defendant has not offered any sums for Plaintiff's damages but is contractually obligated to pay those damages.

## COUNT ONE
### (Breach of Contract)

10. Plaintiff hereby realleges paragraphs 1-9 and all previous paragraphs and incorporates them as though fully set forth herein.

11. By virtue of its Policy of insurance in effect on February 7, 2009, and Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay Plaintiff uninsured motorist benefits as a result of the automobile crash caused by Baldrige that occurred on February 7, 2009.

12. Defendant breached its duty to pay Plaintiff's uninsured motorist benefits pursuant to the Policy.

13. Defendant's breach of its duties under the Policy has resulted in substantial damages to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

(1) For Plaintiff's compensatory, general, and special damages in an amount that is just and proper under the circumstances;

(2) For Plaintiff's costs and disbursements herein;

(3) For prejudgment and post-judgment interest; and

(4) For such other and further relief as the Court deems just and proper.

Dated this 22nd day of January, 2015.

                **Johnson, Miner, Marlow,**
                **Woodward & Huff, Prof, LLC**

                _/s/ Michael F. Marlow_

                Michael F. Marlow
                Beau C. Barrett
                Johnson, Miner, Marlow, Woodward & Huff, Prof. LLC
                200 W. Third St.
                PO Box 667
                Yankton, SD 57078
                Telephone: 605-665-5009; Facsimile: 605-665-4788
                E-Mail: mikem@jmmwh.com; beau@jmmwh.com

                Attorneys for Plaintiff